Stephanie J. Peet, Esq. (ID No. 016022003)
Michael D. Ridenour, Esq. (ID No. 023752004)
JACKSON LEWIS P.C.
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, Pennsylvania 19102
(267) 319-7802
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STAYCE GODFREY-SMITH, | : |
| | : |
| Plaintiff, | : |
| | : Civ. Action No. |
| v. | : |
| | : |
| INNOVATIVE BENEFIT PLANNING, | : **NOTICE AND PETITION FOR** |
| LLC and TERRIANN PROCIDA, | : **REMOVAL** |
| | : |
| Defendants. | : |
| | : |

TO:   William T. Walsh, Clerk of Court
      United States District Court for the District of New Jersey
      M.L. King, Jr. Federal Bldg. & U.S. Courthouse
      50 Walnut Street
      Newark, New Jersey 07102

      Christine E. Burke, Esq.
      Karpf, Karpf, & Cerutti, P.C.
      3331 Street Road, Suite 128
      Two Greenwood Square
      Bensalem, Pennsylvania 19020
      cburke@karpf-law.com
      Attorneys for Plaintiff

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants respectfully submit

this Notice and Petition For Removal of a case from the Superior Court of New Jersey, Law

Division, Burlington County, bearing Docket No. BUR-L-2615-18, and state as follows as the

bases for removal:

1

1.   On December 4, 2018, Plaintiff, Stayce Godfrey-Smith, filed a civil action captioned <u>Godfrey-Smith v. Innovative Benefit Planning, LLC and Terriann Procida</u>, Docket No. BUR-L-2615-18, in the Superior Court of New Jersey, Law Division, Burlington County. A true and correct copy of the Civil Action Complaint in that action (the "Complaint") is attached hereto as Exhibit A.

2.   Defendants were served with the Summons and Complaint on December 5, 2018.

3.   The Summons and Complaint constitute all pleadings, process, and other documents provided to Defendants in this action. The Complaint was the initial pleading received by Defendants setting forth the claims upon which Plaintiff's action is based.

4.   This Notice and Petition is timely filed under 28 U.S.C. § 1446(b) because Defendants have effected removal within thirty (30) days of receipt of service of a paper from which it could first be ascertained that this action is removable (i.e., the Complaint).

5.   Defendants have not filed an answer or other pleading in the Superior Court of New Jersey.

6.   Count II of the Complaint asserts a claim against both Defendants for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"). As a consequence, this Court possesses original jurisdiction over this action under 28 U.S.C. § 1331(a), which states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

7.   Because the U.S. District Courts have original jurisdiction over, and federal law controls, actions brought to redress alleged violations of the FLSA, this action is properly removable to federal court under 28 U.S.C. §§ 1331 and 1441(a).

8.     This Court has supplemental jurisdiction over Plaintiff's additional causes of action under 28 U.S.C. § 1367.

9.     Defendants submit this Notice and Petition for Removal without waiving any defenses to the claims asserted by Plaintiff and without conceding that Plaintiff has pleaded any claims upon which relief may be granted.

10.    Venue is proper in this Court.

11.    Pursuant to 28 U.S.C. §1446(d), Defendants have given written notice of the removal of this action to all adverse parties, and have filed a copy of this Notice and Petition for Removal with the Clerk of the Superior Court of New Jersey, Law Division, Burlington County.

WHEREFORE, Defendants respectfully request that the within action, now pending in the Superior Court of New Jersey, Law Division, Burlington County, be removed to the U.S. District Court for the District of New Jersey.

Respectfully submitted,

JACKSON LEWIS P.C.
Attorneys for Defendants

By:___/s/ Stephanie J. Peet_____
Stephanie J. Peet
Michael D. Ridenour

Dated:  January 2, 2019

4824-6676-5956, v. 1

Stephanie J. Peet, Esq. (ID No. 016022003)
Michael D. Ridenour, Esq. (ID No. 023752004)
JACKSON LEWIS P.C.
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, Pennsylvania 19102
(267) 319-7802
Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STAYCE GODFREY-SMITH, | : |
| Plaintiff, | : |
| | : Civ. Action No. |
| v. | : |
| | : **CERTIFICATION OF SERVICE** |
| INNOVATIVE BENEFIT PLANNING, LLC and TERRIANN PROCIDA, | : |
| Defendants. | : |

The undersigned hereby certifies that on this 2nd day of January, 2019, I caused true and correct copies of Defendants' Notice and Petition for Removal, Notice of Compliance with 28 U.S.C. § 1446(d), Disclosure Statement Pursuant to Fed. R. Civ. P. 7.1, Civil Cover Sheet, and this Certification of Service to be served upon Plaintiff, Stayce Godfrey-Smith, via electronic and regular mail, postage fully paid, addressed to her attorney, Christine E. Burke, Esq., Karpf, Karpf, & Cerutti, P.C., 3331 Street Road, Suite 128, Two Greenwood Square, Bensalem, Pennsylvania 19020, cburke@karpf-law.com.

/s/ Michael D. Ridenour
Michael D. Ridenour

4828-3422-6308, v. 1

# EXHIBIT A

SUMMONS

Attorney(s) _Karpf, Karpf & Cerutti, P.C._

Office Address _3331 Street Road_

Town, State, Zip Code _Two Greenwood Square, Suite 128_

_Bensalem, PA 19020_

Telephone Number _(215) 639-0801_

Attorney(s) for Plaintiff _Ari R. Karpf, Esq._

_Stayce Godfrey-Smith_

_____

Plaintiff(s)

Vs.

_Innovative Benefit Planning, LLC, et al._

_____

Defendant(s)

**Superior Court of New Jersey**

_Burlington_ COUNTY

_Civil_ DIVISION

Docket No: _BUR-L-002615-18_

**CIVIL ACTION SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro_se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith

Clerk of the Superior Court

DATED: _12/5/2018_

Name of Defendant to Be Served: _Terriann Procida_

Address of Defendant to Be Served: _101A Foster Road, Moorestown, NJ 08057_

Revised 09/04/2012, CN 10792-English (Appendix XII-A)

# Directory of Superior Court Deputy Clerk's Offices
## County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

Directory of Superior Court Deputy Clerk's Offices / County Lawyer Referral and Legal Services
Revised 11/2010, CN: 10163-English

Page 1

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House—1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

BUR-L-002615-18  12/04/2018 3:33:46 PM  Pg 1 of 1 Trans ID: LCV20182102250

# Civil Case Information Statement

Case Details: BURLINGTON | Civil Part Docket#: L-002615-18

Case Caption: GODFREY-SMITH STAYCE VS
INNOVATIVE BENEFIT PLAN
Case Initiation Date: 12/04/2018
Attorney Name: ARI R KARPF
Firm Name: KARPF, KARPF & CERUTTI, PC
Address: 3331 STREET RD TWO GREENWOOD SQUARE
STE 128
BENSALEM PA 19020
Phone:
Name of Party: PLAINTIFF : GODFREY-SMITH, STAYCE
Name of Defendant's Primary Insurance Company
(if known): Unknown

Case Type: LAW AGAINST DISCRIMINATION (LAD) CASES
Document Type: Complaint with Jury Demand
Jury Demand: YES - 12 JURORS
Hurricane Sandy related? NO
Is this a professional malpractice case?  NO
Related cases pending: NO
If yes, list docket numbers:
Do you anticipate adding any parties (arising out of same
transaction or occurrence)? NO

THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? YES

If yes, is that relationship: Employer/Employee

Does the statute governing this case provide for payment of fees by the losing party? YES

Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:


Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:


Will an interpreter be needed? NO
    If yes, for what language:


I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/04/2018
Dated

/s/ ARI R KARPF
Signed

**KARPF, KARPF, & CERUTTI, P.C.**
By: Ari R. Karpf, Esq.
Attorney ID: 021842003
3331 Street Road, Ste. 128
Two Greenwood Square
Bensalem, PA 19020
P - (215) 639-0801
F - (215) 639-4970

| | |
|---|---|
| STAYCE GODFREY-SMITH <br> 2 Cedar Drive <br> Cape May Court House, NJ 08210      : <br>          : <br>         Plaintiff,     : <br> v.                  : <br>          : <br> INNOVATIVE BENEFIT <br> PLANNING, LLC        : <br> 101A Foster Road <br> Moorestown, NJ 08057     : <br>         and        : <br> TERRIANN PROCIDA      : <br> 101A Foster Road <br> Moorestown, NJ 08057     : <br>         : <br>        Defendants.     : | SUPERIOR COURT OF NEW JERSEY <br> BURLINGTON COUNTY LAW DIV <br><br> CIVIL ACTION <br><br> No.: <br><br> **JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Stayce Godfrey-Smith (*hereinafter* referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

### I.  Introduction

1.    Plaintiff has initiated this action to redress violations by Defendants of state *and* federal laws, including but not limited to, of the New Jersey Law Against Discrimination ("NJ LAD" - N.J.S.A. 10:5-1 *et. seq.*), the Fair Labor Standards Act ("FLSA" - 29 U.S.C. §§ 201, *et. seq.*), and the New Jersey Wage and Hour Law(s) ("NJ WHL" - N.J.S.A. §§ 34:11-56a, *et. seq.*).

Plaintiff asserts herein *inter alia* that she was unlawfully terminated by Defendants from her employment and not paid for overtime during her period of employment (as legally mandated).

## II.    Parties

2.      The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

3.      Plaintiff is an adult who resides at the above-captioned address.

4.      Innovating Benefit Planning, LLC (hereinafter "Defendant IBP") is a privately-held company incorporated and headquartered in New Jersey. This entity serves primarily as an option for (and provides services in the area of) business outsourcing of company benefits, retirement plan consulting, HR consulting, and executive benefits.

5.      Terriann Procida (hereinafter "Defendant Procida") is the founding partner of Defendant IBP, she is a shareholder, owner, and oversees the organization as an executive.

6.      At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## III.    Factual Background

7.      The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

8.      Plaintiff is a 62-year-old female.

9.      Plaintiff was hired by Defendant IBP effective on or about April 15, 2013, and in total, was employed for approximately 5 years and 4 months (until mid-August 2018, discussed more *infra*).

10.     Plaintiff was directly supervised by Maria Black, and Black oversaw Plaintiff's department and Plaintiff herself. Significant decisions including of overall employee compensation and terminations primarily subject to input and approval by Defendant Procida.

(A) <u>Defendants unlawfully failed to pay Plaintiff overtime compensation as mandated under state and federal law(s).</u>

11.     Plaintiff consistently worked at least 45-60 hours per week, and Plaintiff was never paid at a rate of time and one half for each our worked over 40 hours.

12.     Plaintiff instead was paid by way of salary, approximately $48,000.00 per annum at time of termination following various salary increases since hire. Plaintiff was not given any increased pay per week, month or year for any overtime worked. Plaintiff was thus conclusively <u>never</u> compensated for any overtime work.

13.     Plaintiff job title within Defendant IBP was that of "Eligibility Specialist." In this role, Plaintiff was assigned various companies that contracted with Defendant IBP to have their benefits, life insurance, and COBRA paperwork administered for employees.

14.     Each and every day, the primary duties and gist of Plaintiff's job was Plaintiff:

(a) Working at a desk (typically as a home-based employee);

(b) Receiving e-mails, updates and notices from Defendants' company-clients about employees being hired, terminated or having some adjustment to an employee's needs;

(c) Plaintiff using template forms depending upon the insurance carrier of the company-client to process the change in employee status, benefits or insurance; and

(d) Significant data entry in general.

15.     Plaintiff did not manage employees, hire or terminate employees, engage in negotiation of business contracts on behalf of Defendants, and she did not implement new policies or participate in the operations decisions of Defendants as a business.

3

16.    Plaintiff cannot be exempt from overtime entitlement -- as a matter of law -- because she was a "production" employee performing the very services marketed by Defendants as a business to third parties (which in turn generated income to Defendants).[1]

17.    Plaintiff did not work in a role with any meaningful discretion, was not a highly-compensated employee earning over $100,000.00, and entitlement to overtime is not governed by salary -- but rather -- Plaintiff's duties.  Plaintiff <u>did not</u> perform any primary duties that would qualify her exempt status from overtime under state or federal law.[2]

18.    In her performance evaluations given annually, Plaintiff was identified as having to process "a high volume of work with enrolling over 300 individuals per month," which was merely a high volume of paperwork Plaintiff completed as directed throughout each and every day.

19.    The FLSA permits a 3-year lookback for unpaid overtime, and Plaintiff's overtime rate per hour should have been approximately $30-35 per hour for all overtime worked based upon her annual salary (and depending upon timeframe in her tenure). Plaintiff was not

---

[1] It is extremely well established that employees who performs a "production" role related to the reason the business exists are non-exempt and entitled to overtime compensation. *See e.g. Reich v. Am. Int'l Adjustment Co.*, 902 F. Supp. 321, 325 (D. Conn. 1994)(granting summary judgment to a plaintiff and outlining that "production" employees are non-exempt and entitled to overtime). In other words, Defendants offer a service of benefit processing to third parties, and Plaintiff was laborer processing such benefit changes to third parties paying for this service.

[2] *See e.g.* 29 C.F.R. § 541.301(e)(5)("accounting clerks, bookkeepers, and other employees who normally perform a great deal of routine work generally will not qualify as exempt"); *Lynch v. Jet Ctr. of Dall., LLC*, 2007 U.S. Dist. LEXIS 5728, at *2 (N.D. Tex. 2007)(granting summary judgment to plaintiff under FSLA as non-exempt who handled accounting, payroll reconciliations, and accounts receiving as she did not manage anyone or having any high-level business operation discretion); *Ebert v. Holiday Inn*, 2014 U.S. Dist. LEXIS 12368, at *37 (S.D.N.Y., 2014)(citing numerous cases in granting employee summary judgment explaining that general bookkeeping duties do not qualify for any type of administrative or professional exemption); *Hendricks v. J.P. Morgan Chase Bank, N.A.*, 677 F. Supp. 2d 544, 559 (D. Conn. 2009) (noting that bookkeepers do not qualify as exempt employees under the administrative exemption); *Lytle v. Lowe's Home Ctrs., Inc.*, 2014 U.S. Dist. LEXIS 192453, at *2 (M.D. Fla. 2014)(approving 9.5 million dollar settlement because employees employed nationally as "Human Resources Managers" performed only routine benefits and other clerical processing as opposed to any high-level management or business operational work).

4

paid at this rate or for any overtime worked. This lawsuit therefore seeks all unpaid overtime dating back *3 years from the date this lawsuit has been filed.*

20.     With liquidated damages, Plaintiff is owed well in excess of $75,000.00 in unpaid overtime alone (irrespective of any other legal claims in this lawsuit).[3]

21.     Defendants' management and ownership hold themselves out as "experts" in employee compensation, benefits, HR consulting, and other employment matters.[4] Yet they failed to pay overtime to a salaried employee who was clearly non-exempt.

22.     Defendants knowingly underpaid Plaintiff, failed to properly pay her overtime compensation, and engaged in an utter lack of bad faith by failing to perform any good-faith compliance or effort to properly classify Plaintiff as non-exempt under state and federal overtime law(s). Defendant Procida oversaw Plaintiff's job position, compensation, terms and conditions of employment, and was directly responsible for the overtime violations as asserted herein (exercising full control over same).[5]

---

[3] *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, they are considered the norm and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc.*, 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the norm, single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County*, 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp.*, 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

[4] *See* Defendants' Website at http://ibpllc.com/about/company-history/

[5] "[A]n individual is subject to liability when he or she exercises supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation while acting in the employer's interest." *White v. Eberle &*

BUR-L-002615-18 12/04/2018 3:33:46 PM Pg 6 of 10 Trans ID: LCV20182102250

### (B) Defendants unlawfully terminated Plaintiff from her employment.

23. At the age of 62, Plaintiff was terminated by Defendants on or about August 9, 2018.

24. Plaintiff was informed her job position was eliminated effective immediately *because Defendants lost some clients*. However, Plaintiff was really terminated because of her advanced age. Evidence supporting age discrimination includes *but is not limited to*:

(A) Plaintiff had no prior discipline, was a solid performer, and was selected for job elimination in lieu of other younger employees whose job Plaintiff could have easily performed;

(B) Plaintiff's job position was given to lesser qualified, lesser experienced, and much younger employees;

(C) Despite claiming there was a job elimination, Defendants still hired a newer employee assuming general prior duties Plaintiff performed in her 20s (as to age), separate and apart from other younger employees performing aspects of Plaintiff's job position;

(D) Defendants claimed loss of some clientele, but they also had obtained new clientele making such a rationale appear pretextual; and

(E) Even if Defendants allegedly lost more clientele than they had gained, whatever loss Defendants asserted were not based upon any clientele Plaintiff had been servicing as of her termination.

25. For the above and other reasons, Plaintiff was terminated and her age was a substantial factor in Defendants' decision to terminate Plaintiff.

---

*Bet Servs.*, 2013 U.S. Dist. LEXIS 7542 (D.N.J. 2013); *see also Narodetsky v. Cardone Indus., Inc.*, 2010 U.S. Dist. LEXIS 16133, 2010 WL 678288 (E.D. Pa. 2010)(management may be individually liable under the FLSA for involvement in payroll and/or adverse actions with employment).

### Count I
### Violations of the New Jersey Law Against Discrimination ("NJ LAD")
### (Age Discrimination)
### - Against Defendant IBP Only -

26.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

27.    Plaintiff was terminated because of her age and/or with her age being a substantial consideration.

28.    These actions as aforesaid constitute violations of the NJ LAD.

### Count II
### Violations of the Fair Labor Standards Act ("FLSA")
### (Non-Payment of Overtime)
### - Against All Defendants -

29.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30.    Plaintiff was an eligible employee for overtime compensation under the FLSA (despite knowing and/or reckless misclassification). She was not properly paid overtime despite regularly working over 40 hours per week for Defendants.

31.    These actions as aforesaid constitute violations of the FLSA.

### Count III
### Violations of the NJ Wage and Hour and Wage Payment Laws
### (Non-Payment of Overtime & Wages)
### - Against All Defendants -

32.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33.    Plaintiff was an eligible employee for overtime compensation (despite misclassification). She was not properly paid overtime despite regularly working over 40 hours per week for Defendants. These actions as aforesaid constitute violations of the NJ WHL.

**WHEREFORE,** Plaintiff prays that this Court enter an Order providing that:

A.      Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating against employees and are to be ordered to promulgate an effective policy against such unlawful acts (including non-payment of overtime) and to adhere thereto;

B.      Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, owed overtime, salary, pay increases, bonuses, promotions, and seniority.  Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/interference/discrimination at the hands of Defendants until the date of verdict, and Plaintiff should receive reinstatement to her prior position as desired and where possible (as she is specifically requesting same herein);

C.      Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

8

F.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.     Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

KARPF, KARPF & CERUTTI, P.C.

By:  _____
Christine E. Burke, Esq.
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: December 4, 2018

9

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

KARPF, KARPF, & CERUTTI, P.C.

By: _____
     Christine E. Burke, Esq.
     Ari R. Karpf, Esq.

## RULE 4:5-1 CERTIFICATION

1.    I am licensed to practice law in New Jersey, and I am responsible for the above-captioned matter.

2.    I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

KARPF, KARPF, & CERUTTI, P.C.

By: _____
     Christine E. Burke, Esq.
     Ari R. Karpf, Esq.

## DESIGNATION OF TRIAL COUNSEL

Christine E. Burke, Esquire, of the law firm of Karpf, Karpf, & Cerutti, is hereby designated trial counsel.

KARPF, KARPF, & CERUTTI, P.C.

By: _____
     Christine E. Burke, Esq.
     Ari R. Karpf, Esq.

10

BUR L  002615-18   12/05/2018 5:09:33 AM   Pg 1 of 1   Trans ID: LCV20182104974

BURLINGTON COUNTY
SUPERIOR COURT
49 RANCOCAS ROAD
MT HOLLY          NJ 08060
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (609) 288-9500
COURT HOURS  8:30 AM - 4:30 PM

                  DATE:     DECEMBER 04, 2018
                  RE:       GODFREY SMITH STAYCE   VS INNOVATIVE BENEFIT P LAN
                  DOCKET:   BUR L -002615 18

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

    DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON JEANNE T. COVERT

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (609) 288-9500.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                  ATTENTION:
                            ATT: CHRISTINE E. BURKE
                            KARPF, KARPF & CERUTTI, PC
                            3331 STREET RD
                            TWO GREENWOOD SQUARE   STE 128
                            BENSALEM         PA 19020

JUCN000